UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| JAMES P. RUTLEDGE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 3:23-CV-03018-RAL<br><br>ORDER REGARDING ATTORNEY-CLIENT PRIVILEGE WAIVER |

Petitioner James P. Rutledge filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Doc. 1. Rutledge pled guilty to conspiracy to distribute a controlled substance and possession of a firearm by a prohibited person. Doc. 93 in 20-30144. Rutledge was represented by Federal Public Defender Randall Turner.

On August 28, 2023, the United States filed a Motion for Order Directing Former Defense Counsel to Respond to Claims of Ineffective Assistance and Motion for Extension of Time to Answer. Doc. 5. The United States Court of Appeals for the Eighth Circuit has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's conduct and raises the issue of ineffectiveness or incompetence of counsel. See Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974); see also Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."). American Bar Association Model Rule of Professional

Conduct 1.6 also recognizes that a disclosure of information may be impliedly authorized under certain circumstances including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of his or her client. The ABA has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations (1) may not disclose information imparted to him or her in confidence without first obtaining the informed consent of the former client; and 2) may only disclose such information in "court-supervised proceedings." ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 10-456 (2010).

In consideration of the allegations set forth in Rutledge's 28 U.S.C. § 2255 motion, this Court has determined that the United States cannot respond to the allegations of ineffective assistance of counsel without Mr. Turner responding by affidavit to the specific allegations in the motion concerning his representation of Rutledge. This Court has further determined that if Rutledge opposes the waiver of the attorney-client privilege as it relates to the specific allegations in his § 2255 motion, those allegations will be stricken from his § 2255 motion. Accordingly, it is hereby

ORDERED that the Clerk of Court will send this Order and the attached Attorney-Client Privilege Waiver form to Rutledge. It is further

ORDERED that if the Attorney-Client Privilege Waiver form is not signed and returned to this Court within 30 days, the allegations of ineffective assistance of counsel will be stricken from Rutledge's § 2255 motion. It is further

ORDERED that the United States shall have an extension to answer Rutledge's motion under 28 U.S.C. § 2255 until thirty (30) days after attorney Turner furnishes an affidavit. It is finally

ORDERED that Rutledge will have thirty (30) days to reply after the United States' answer.

DATED this 29th day of August, 2023.

                              BY THE COURT:

                              ROBERTO A. LANGE
                              CHIEF JUDGE

## ATTORNEY-CLIENT PRIVILEGE WAIVER

You have made a motion under 28 U.S.C. § 2255 alleging that you received ineffective assistance From your former lawyer, Randall Turner. The court has reviewed your motion and determined that an affidavit from your former lawyer concerning the specific allegations in your motion is necessary in order to evaluate your motions.

The American Bar Association advises your attorney to obtain your consent before disclosing confidential communications between you and him that may bear on the disposition of your motion. This is a professional ethics requirement. As a matter of law, you have waived the attorney-client privilege regarding the allegations of ineffective assistance of counsel in your motion. This means that if you wish to proceed on your claims of ineffective assistance, you must allow your communications with your formal counsel concerning the specific claims to be disclosed to the United States and to the court.

If you wish to proceed with your claims of ineffective assistance of counsel as set forth in your § 2255 motion, you must sign this form and return it to the court. The form authorizes your attorney to disclose confidential communications only to the extent necessary to address the ineffective assistance of counsel claims that are raised by your § 2255 motion.

You should know that if you sign this authorization, you run the risk that your attorney will contradict your statements about his representation of you. However, you should also know that the court will strike the ineffective assistance of counsel claims in your motion if you do not authorize your attorney to give an affidavit in response to the ineffective assistance claims.

You must return this form within thirty (30) days from the date of the court's order directing the Clerk of Court to mail this waiver to you or the allegations of ineffective assistance of counsel will be stricken from your motion under 28 U.S.C. § 2255.

## AUTHORIZATION

I have read the document entitled "Attorney-Client Privilege Waiver." I hereby authorize my former attorney, Randall Turner, to disclose information about confidential work product communications only to the extent necessary to address the ineffective assistance of counsel claims that are raised by my motion under 28 U.S.C. § 2255.

Dated this \_\_\_\_\_ day of _____, 2021.

_____
James P. Rutledge, Petitioner