UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| JAMES P. RUTLEDGE,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 3:23-CV-03018-RAL<br><br><br>ORDER DENYING MOVANT'S MOTION TO APPOINT COUNSEL |

Movant James P. Rutledge, filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. 1. Rutledge has also filed a motion to appoint counsel through a letter sent to the undersigned. Doc. 15.

Prisoners do not have a constitutional right to counsel for a collateral attack on their sentence. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); see also United States v. Craycraft, 167 F.3d 451, 455 (8th Cir. 1999) ("[T]here is no general right to counsel in post-conviction habeas proceedings for criminal defendants."). The district court, however, "may appoint counsel for a habeas petitioner when 'the interests of justice so require.'" Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (quoting 18 U.S.C. § 3006A(a)(2)(B)). The interests of justice require appointment of counsel when the district court holds an evidentiary hearing on the petition. Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). If no evidentiary hearing is necessary, the appointment is at the discretion of the district court. Id. "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id.; see also Abdullah, 18 F.3d at 573 ("If the petitioner has

1

presented a nonfrivolous claim, the district court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that 'the interests of justice so require' it.") (quoting 18 U.S.C. § 3006A(a)(2)); United States v. Arcoren, 633 F. Supp. 2d 752, 757 (D.S.D. 2009).

Rutledge's allegations include ineffective assistance of counsel and other contentions that likely should have been addressed on direct appeal. Doc. 1. Federal courts routinely handle ineffective assistance of counsel claims in § 2255 petitions. See Abdullah, 18 F.3d at 573 (noting that "federal courts are quite familiar" with ineffective assistance of counsel issues). Rutledge's claims are not so legally or factually complex that he is unable to present them to this Court. See Doc. 1. As it is premature to determine if an evidentiary hearing is necessary, the interests of justice do not so require appointment of counsel. See Hoggard, 29 F.3d at 471.

Therefore, it is hereby

ORDERED that Rutledge's motion to appoint counsel, Doc. 15, is denied.

DATED January 18th, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE